## PEOPLE v. MOORE

1. CRIMINAL LAW—NARCOTICS—STATUTORY EXCEPTIONS—BURDEN OF PROOF.

> The defendant, not the people, has the burden of proving that he comes under a statutory exception in narcotics cases (MCLA §§ 335.58, 335.152, 335.153, 767.48).

2. CRIMINAL LAW—NARCOTICS—UNLAWFUL SALE—UNLAWFUL POSSESSION—EVIDENCE—SUFFICIENCY.

> Prosecutor's presenting only 1 cc of heroin, recovered from the defendant, was sufficient to support the defendant's convictions for unlawful sale and possession of narcotics, because the applicable statute proscribes the unlawful sale or possession of "any" narcotic drug (MCLA §§ 335.152, 335.153).

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2]  25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17, 43, 45.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 6, 1971, at Lansing. (Docket No. 7659.)    Decided February 16, 1971. Leave to appeal denied May 19, 1971, 384 Mich 841.

William Moore was convicted of unlawful sale and possession of narcotics.    Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Robert M. Crites,* for defendant on appeal.

Before: Quinn, P. J., and Bronson and O'Hara,* JJ.

Bronson, J.    Defendant was charged with and convicted of unlawful sale of narcotics[1] and unlawful possession of narcotics.[2]    Following defendant's conviction by a jury in Genesee County Circuit Court, the defendant was sentenced to 40 to 50 years imprisonment.

Evidence adduced at trial established that the defendant sold the illegal narcotics to two police informers, who secretly tried to inject the substance into test tubes which had been taped to their arms for the purpose of preserving the contraband. Although two police informers were present, only one informer was successful in leaving the premises with the test tube containing the alleged contraband.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).
[2] MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

The test tube was turned over to the police, and after examination, was found to contain 1 cc of heroin.

On appeal, defendant contends that the prosecution failed to meet its burden of proving the essential elements of the crimes. Defendant argues that the prosecution bears the burden of negating the application of MCLA § 335.58 (Stat Ann 1970 Cum Supp § 18.1078), which provides certain exceptions to the conduct proscribed by the sale and possession statutes.

We disagree. In Michigan, by statute[3] and case law,[4] it is incumbent upon the defendant, not the People, to prove that he comes under an exception to the statutory offense.

Defendant also contends that since the prosecutor recovered only 1 cc of heroin, the evidence was insufficient to support the conviction for sale and possession. Defendant fails to cite any Michigan authority for his position, and we were unable to find any. Heroin is defined as a narcotic by statute,[5] and, unless an exception is applicable, sale or possession of "*any* narcotic drug" is proscribed.[6] Furthermore, the 1 cc of heroin, introduced into evidence by the prosecution, is not a minuscule amount. The quantity is sufficient to be applied to the use commonly made of heroin.

Defendant's remaining issues on appeal relate to the propriety of the jury instructions. This Court's opinion in *People* v. *Kinsman* (1969), 16 Mich App 611, 613, is dispositive of defendant's assignment of error:

---

[3] MCLA § 767.48 (Stat Ann 1954 Rev § 28.988).

[4] *People* v. *Baker* (1952), 332 Mich 320; *People* v. *Thomas* (1970), 26 Mich App 160; *People* v. *Nelson White* (1970), 26 Mich App 35.

[5] MCLA § 335.151 (Stat Ann 1957 Rev § 18.1121).

[6] See fn 1 and 2, *supra.*

454 30 Mich App 454 [Feb

"Although afforded the opportunity, defendant did not object to the charge as given on the grounds presently asserted. We do not consider such errors. GCR 1963, 516.2; *People* v. *Mallory* (1966), 2 Mich App 359."

Affirmed.

All concurred.