PEOPLE v KEEFE

1. CRIMINAL LAW—DEFENSES—ENTRAPMENT—QUESTION OF LAW—
HEARINGS—BURDEN OF PROOF.

The issue of entrapment is to be decided by the trial judge, not
the jury, and where a defendant alleges entrapment, but did
not testify at trial, the case should be remanded for a hearing
on the issue of entrapment outside the presence of the jury at
which the defendant is given the opportunity to testify and has
the burden of proving entrapment.

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—MONITORED
CONVERSATIONS.

A police officer who attempts to monitor a conversation between
an officer who is wired with a transmitting device and a
suspected seller of narcotics but who fails to see anything or to
hear any intelligible transmissions is not a res gestae witness
to the transaction.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO
INDORSE—CUMULATIVE TESTIMONY.

A police officer monitoring a conversation between an officer
equipped with a transmitting device and a suspected seller of
narcotics and who is able to discern bits and pieces of the
conversation is a res gestae witness because his testimony
sheds light on the underlying transaction which constituted the
crime; the prosecutor's failure to indorse and produce the
officer does not require reversal of the defendant's conviction,
however, where it is determined at a separate hearing that the
officer's testimony is cumulative with that of the officer en-
gaged in the sale transaction.

Appeal from Oakland, James S. Thorburn, J.
Submitted March 4, 1976, at Lansing. (Docket No.
22716.) Decided June 14, 1976.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 134 *et seq.*
[2, 3] 81 Am Jur 2d, Witnesses §§ 448, 450.

Linda C. Keefe was convicted of delivery of phencyclidine. Defendant appeals. Remanded for further hearing on the issue of entrapment.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*N. C. Deday LaRene,* for defendant on appeal.

Before: D. F. WALSH, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

J. H. GILLIS, J. On October 30, 1974, a jury convicted defendant of delivery of a schedule 3 controlled substance (phencyclidine), contrary to MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). She was sentenced to a 2 to 7 year prison term, and appeals as of right. After considering all the briefs filed by defendant in this case, we are of the opinion that only two of the raised issues require discussion.

I

At trial, the prosecutor presented only two witnesses, Gary Backos and Officer Florendo. Mr. Backos was the police chemist who analyzed the narcotic and found it to be phencyclidine. Officer Florendo was the undercover police agent who bought the drug from Ms. Keefe. Defendant Keefe offered no witnesses, nor did she testify herself. Despite the fact that defendant did not testify, it is evident that her sole defense in this case was entrapment.

After both parties had rested at trial, defense

counsel made a motion for a directed verdict, arguing that, as a matter of law, Officer Florendo's testimony indicated that he had entrapped the defendant. The trial judge then correctly ruled that entrapment had not been shown. The case was then submitted to the jury, along with an instruction on the issue of entrapment. The jury convicted defendant.

On appeal, defendant argues that she was entitled to a separate hearing, outside of the jury's presence, on the entrapment issue. The prosecutor argues that this issue is controlled by *People v Fraker,* 63 Mich App 29; 233 NW2d 878 (1975), in that the evidence concerning the entrapment defense is "uncontroverted", and thus this Court may decide whether there was entrapment as a matter of law. *Fraker, supra,* at 33, n 1. To this contention defendant responds by stating that the evidence would not be uncontroverted if she had been given an opportunity to testify at an entrapment hearing.

We think it unnecessary to discuss this matter at any great length. The issue of what type of entrapment hearing a defendant is entitled to is currently pending before the Michigan Supreme Court. See *People v Sheline,* 64 Mich App 193; 235 NW2d 177 (1975), *lv granted,* 395 Mich 817 (1975). Suffice it to say that the trial judge, and not the jury, is to decide the issue of entrapment. *Fraker, supra, People v Zeegers,* 61 Mich App 546; 233 NW2d 76 (1975), *People v Cushman,* 65 Mich App 161; 237 NW2d 228 (1975). Until our Supreme Court settles the issue, we choose to follow the suggestion made in *Sheline, supra,* at 199–200, n 5, that defendant be allowed a *Walker*[1] type hearing

[1] *See People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

outside the presence of the jury. We therefore remand for such a hearing, at which defendant will be allowed to testify. Defendant will have the burden of proving entrapment at this hearing. *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976). To the extent that this holding conflicts with *People v Fraker, supra,* this writer disavows *Fraker.*

## II

The second issue of consequence raised by defendant on appeal concerns the failure of the prosecution to endorse and produce alleged res gestae witnesses. In a previous appeal, defendant raised this issue and we remanded for the trial judge's determination as to whether the witnesses were "res gestae" witnesses. The judge determined that they were not, and defendant appeals that decision.

Sometime after defendant's trial was completed, it became evident that Officer Florendo had been "wired" with a transmitting device during the time he bought the narcotics from defendant. At the time of the buy, at least four other policemen were in the vicinity of defendant's house, attempting to monitor the conversation between defendant and Florendo. None of these four men was produced at trial. At the post-trial hearing held on this issue, the trial judge determined that none of the four was a res gestae witness.

As to three of the four policemen, we agree with the trial judge's decision that they were not res gestae witnesses. All three testified that they neither saw anything from their cars, nor did they hear anything over the transmitting device.[2]

---

[2] Two of the three officers testified that although their receivers

The fourth man monitoring the transmitter, Officer Lovejoy, testified that he was able to discern bits and pieces of the conversation between defendant and Officer Florendo. This fact, we believe, makes Lovejoy a res gestae witness[3] because his testimony sheds light on the underlying transaction which constituted the crime. See *People v Harrison,* 44 Mich App 578, 591; 205 NW2d 900 (1973), *People v Tann,* 326 Mich 361; 40 NW2d 184 (1949). We do not, however, feel that the prosecutor's failure to endorse and produce Lovejoy requires reversal in the instant case.

At the evidentiary hearing, Lovejoy testified that he was able to understand fragments of the conversation between defendant and Officer Florendo. He testified that he heard the words "cocaine" and "pcp" spoken and that he heard sums of money mentioned. He further testified that his only concern in monitoring the conversation was to make sure that Officer Florendo was not in any danger, and that he never heard more than two seconds of continuous conversation. He testified that he heard nothing other than the above mentioned words, and that the lapse of time had not affected his memory. The trial judge found Lovejoy's testimony credible, and thus we must bow to this determination.

We have closely examined the trial testimony of

were functioning, the conversation they heard was distorted and garbled to the point that they could not understand it. The third officer's receiver was broken.

[3] The prosecutor argues that under the holding of *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), Lovejoy could not be a res gestae witness because he could not be called by the prosecution to testify as to what he heard. We disagree. *Beavers, supra,* does not bar a defendant from introducing testimony relating to a monitored conversation, and thus would not affect Lovejoy's status as a res gestae witness. If a defendant does not wish the monitor to testify, then defendant may waive his production or simply not question him in regard to the conversation.

Officer Florendo, and compared it with that of Officer Lovejoy. We are convinced that Lovejoy's testimony was cumulative. Florendo himself had testified at trial that he and defendant had discussed the price of "pcp" and "cocaine". Because Lovejoy's testimony was cumulative, the prosecutor's failure to endorse and produce him does not require reversal. *People v Jones,* 64 Mich App 659, 666; 236 NW2d 531 (1975).

Remanded for a hearing on the entrapment issue. If the trial court determines, after the hearing, that defendant was entrapped, defendant shall be discharged. If the court finds there was no entrapment, this case shall stand affirmed. The prosecutor shall produce Officer Lovejoy at the entrapment hearing if Lovejoy's presence is requested by defendant. We retain no further jurisdiction.