PEOPLE v DEAN

OPINION OF THE COURT

1. DRUGS AND NARCOTICS—CRIMINAL LAW—STATUTORY EXCEPTIONS—BURDEN OF PROOF—STATUTES.

A defendant is not obliged to bear the burden of proving innocence in a trial for violation of the Controlled Substances Act, but he has the burden of proving an exculpatory exception to a statutory definition where he claims an exception (MCLA 335.356[1]; MSA 18.1070[56] [1]).

2. DRUGS AND NARCOTICS—CRIMINAL LAW—STATUTORY EXCEPTIONS—BURDEN OF PROOF—STATUTES.

A prima facie showing of a violation of the Controlled Substances Act operates to impose on a defendant the burden of going forward, *i.e.,* of injecting some competent evidence of the exempt status of the drug he was charged with illegally delivering, and once a defendant properly injects this issue of exception of the drug, the state is obliged to establish the contrary beyond a reasonable doubt (MCLA 335.356[1]; MSA 18.1070[56] [1]).

3. DRUGS AND NARCOTICS—STATUTORY EXCEPTIONS—CRIMINAL CULPABILITY—MISTAKES—STATUTES.

A remand for an evidentiary hearing is warranted where the trial court mistakenly forestalled whatever effort a defendant might have made to absolve himself of criminal culpability by showing an applicable exception of a drug under the Controlled Substances Act (MCLA 335.356[1]; MSA 18.1070[56] [1]).

4. CRIMINAL LAW—ENTRAPMENT—QUESTION OF LAW—TRIAL JUDGES—JURY—CURE OF ERROR—NEW TRIAL—EVIDENTIARY HEARINGS—REMAND—EVIDENCE.

The issue of entrapment is one of law for the trial judge to decide and submission of this question to a jury for determination results in error; the error may be cured by the grant of a new

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 6, 7] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45.
[4, 5] 75 Am Jur 2d, Trial § 623.

trial or an evidentiary hearing on remand to allow defendant to prove entrapment by a preponderance of the evidence.

CONCURRENCE IN PART AND DISSENT IN PART BY D. E. HOLBROOK, P. J.

5. CRIMINAL LAW—ENTRAPMENT—JURY—ERROR—CORRECTION OF ERROR—REMAND—EVIDENTIARY HEARINGS.

*A trial judge's submission of an entrapment issue to the jury is error; the best remedy for correction of this error is to remand to the trial court for an evidentiary hearing to give defendant a chance to prove entrapment.*

6. DRUGS AND NARCOTICS—CRIMINAL LAW—STATUTORY EXCEPTIONS—BURDEN OF PROOF—STATUTES.

*A certain section of the Controlled Substances Act is constitutionally valid and does not shift to a defendant the burden of proving innocence, but that section of the statute does provide that a defendant must allege some facts or produce some evidence to show a claimed exception or exemption under the act (MCLA 335.356[1]; MSA 18.1070[56][1]).*

7. CRIMINAL LAW—CONTROLLED SUBSTANCES—STATUTORY EXCEPTIONS—MOTION FOR DIRECTED VERDICT—DENIAL OF MOTION—FAILURE OF PROOF—APPEAL AND ERROR—STATUTES.

*Denial of a defendant's motion for a directed verdict in a trial for delivery of a controlled substance was proper where there was testimony to show that the drug delivered was a controlled substance, and where the defendant failed to allege facts or produce evidence either at trial or on appeal which would justify an exception from coverage under the Controlled Substances Act (MCLA 335.356[1]; MSA 18.1070[56][1]).*

Appeal from Oakland, Robert B. Webster, J. Submitted December 7, 1976, at Lansing. (Docket No. 25870.) Decided March 2, 1977. Leave to appeal applied for.

Ghazi Dean was convicted of delivery of phencyclidine. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

Appellate Counsel, and *David A. Potts,* Assistant
Appellate Counsel, for the people.

*Doherty & Thomas, P. C.,* for defendant.

Before: D. E. HOLBROOK, P. J., and ALLEN and
D. C. RILEY, JJ.

D. C. RILEY, J. Defendant Ghazi Dean, raising
two issues, appeals his jury-based conviction on a
charge of delivering phencyclidine, a controlled
substance, under MCLA 335.341(1)(b), 335.318(1)(b);
MSA 18.1070(41)(1)(b), 18.1070(18)(1)(b).

## I

At the outset, defendant challenges the constitu-
tionality of MCLA 335.356(1); MSA 18.1070(56)(1),
arguing that the section impermissibly shifts to
defendant the burden of proving that no exception
exists which would absolve him of criminal culpa-
bility. MCLA 335.356(1); MSA 18.1070(56)(1) pro-
vides:

"Sec. 56. (1) It is not necessary for the state to negate
any exemption or exception in this act in any com-
plaint, information, indictment or other pleading or in
any trial, hearing or other proceeding under this act.
The burden of proof of any exemption or exception is
upon the person claiming it."

To appreciate the legislative intendment behind
§ 56, reference must be had to another provision in
the Controlled Substances Act which empowers
the administrator (*i.e.,* the State Board of Phar-
macy, see MCLA 335.303[2]; MSA 18.1070[3] [2]) to
except certain substances from the sanctions of the
act:

"(2) The administrator may except by rule any compound, mixture or preparation containing any stimulant or depressant substance listed in subdivisions (a) and (b) from the application of all or any part of this act if the compound, mixture or preparation contains 1 or more active medicinal ingredients not having a stimulant or depressant effect on the central nervous system, and if the admixtures are included therein in combinations, quantity, proportion or concentration that vitiate the potential for abuse of the substances which have a stimulant or depressant effect on the central nervous system." MCLA 335.318(2); MSA 18.1070(18)(2).

Similarly, see MCLA 335.320(2); MSA 18.1070(20)(2). See also, MCLA 335.331(1); MSA 18.1070(31)(1).

At the close of the prosecution's case in chief, defendant moved for a directed verdict contending that the phencyclidine defendant concededly transferred to an undercover officer "might be excepted" from the act, and if so, the statute places an inordinate burden on defendant to prove by complex chemical analysis that the seized drug does not have a potentially abusive, depressant effect on the central nervous system. After surveying the Michigan Administrative Code from the date of the act's promulgation to the present, the court "ruled that the existence of the exception as a matter of law can be determined and a search by this Court indicates that there is no exception and therefore there is no burden upon the People to prove anything other than the existence of PCP [phencyclidine]".

Earlier, however, the trial judge indicated that if an exception did indeed exist, then he "might be inclined with [defense] Counsel that chemical analysis at this point would be something that might place an undue burden on the defendant and I

would likely order upon request chemical analysis for those purposes", that is, "to see what medicinal ingredients, if any, were contained within the PCP [phencyclidine] to determine whether that substance falls within the exception".

Our independent perusal of the Michigan Administrative Code discloses that the lower court erred in concluding that no exception exists. Rule 338.3129, 1973 AACS provides:

"Rule 29. A compound, mixture or preparation containing a depressant or stimulant substance or of similar quantitive composition shown in federal regulations as an excepted compound or which is the same except that it contains a lesser quantity of a controlled substance or other substances which do not have a stimulant, depressant or hallucinogenic effect, and which is restricted by law to dispensing on prescription is excepted from sections 14, 16, 18, 20 and 22 of the [Controlled Substances Act]."[1]

Evidently, the administrator has ruled that any stimulative or depressive compound, mixture or preparation (or quantitatively similar concoction), which has been excepted by Federal regulations and which is required to be dispensed by prescription, is without the punitive scope of the Controlled Substances Act. Hence, under the language of § 56(1), *supra,* a defendant claiming the Rule-29 exception must show at a minimum that a Federal exception exists and that the chemical in question can be obtained solely by prescription. If these threshhold requirements are met, a defendant might still have to prove by chemical testing that the instant concoction is the same as a Federally excepted compound but "that it contains a lesser quantity of a controlled substance or other sub-

---

[1] *See* 1973 AACS, R 338.3101(1).

stances which do not have a stimulant, depressant or hallucinogenic effect". Rule 29, *supra.* Thus, a quantitative analysis may still be required, beyond determining the foregoing threshhold matters.

The question then becomes whether the Legislature may constitutionally place the *onus probandi* on defendant to establish an applicable exception. It should be noted that cases interpreting the prior narcotics law, see, *e.g., People v Moore,* 30 Mich App 451, 453; 186 NW2d 788 (1971), are not particularly instructive since they rely chiefly on a dissimilar statute:

"Sec. 48. No indictment for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense. The fact that the charge is made shall be considered as an allegation that no legal excuse for the doing of the act exists in the particular case." MCLA 767.48; MSA 28.988.

Rather, a progression of three Michigan cases on this issue, *People v Rios,* 386 Mich 172; 191 NW2d 297 (1971), *People v Henderson* 391 Mich 612; 218 NW2d 2 (1974), and *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976), serves as the guiding light for our decision. *Rios, supra,* was a narcotics prosecution under a since repealed law, see MCLA 335.366(c); MSA 18.1070(66)(c), which held that under MCLA 767.48; MSA 28.988, the people need not plead defendant's lack of a drug license to indict defendant. The Court emphasized, however, that the statute does not shift to defendant the burden of proving his licensure; in fact, the question "whether the legislature may by appropriate legislation place the burden of the proof on the

defendant to disprove an element of a crime" was intentionally avoided. 386 Mich at 174.

This issue was addressed initially by *Henderson,* and more definitively, by *Dempster, supra.* In *Henderson,* the defendant, charged with carrying a pistol in a motor vehicle, MCLA 750.227; MSA 28.424, argued that the people failed below to prove defendant's lack of a gun permit, which defendant maintained was an essential element of the crime. Plaintiff in turn asserted that MCLA 776.20; MSA 28.1274(1) absolves the state of proving non-licensure. MCLA 776.20; MSA 28.1274(1), an analogue to MCLA 767.48; MSA 28.988, provides:

"Sec. 20. In any prosecution for a violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation."

Despite prior cases holding lack of license to be an element of the crime,[2] the Court, speaking through now Chief Justice T. G. KAVANAGH, stated:

"[W]e hold that upon a showing that a defendant has carried a pistol in a vehicle operated or occupied by him, prima facie case of violation of the statute has been made out. Upon the establishment of such a prima facie case, the defendant has the burden of injecting the issue of license by offering some proof—not necessarily by official record—that he has been so licensed. The people thereupon are obliged to establish the contrary beyond a reasonable doubt.

"We read MCLA 776.20; MSA 28.1274(1), *supra,* not as absolving the state from proving one element of a

[2] *See People v Gould,* 384 Mich 71; 179 NW2d 617 (1970), *People v Schrader,* 10 Mich App 211; 159 NW2d 147 (1968).

crime, *for to do so would vitiate the presumption of innocence.* Rather, we read this statute as an appropriate legislative expression that lack of a license is not an element of the offense and we are thereby prompted to reconsider our construction of the prohibiting language of MCLA 750.227; MSA 28.424, *supra.*" 391 Mich at 616–617. (Emphasis added.)

Recently, in *Dempster, supra,* the Court was asked whether MCLA 451.802(d); MSA 19.776(402)(d) of the Uniform Securities Act requires defendants "to bear an unconstitutional burden of proving innocence". 396 Mich at 711. The Uniform Securities Act, using language almost identical to § 56 of the Controlled Substances Act, provides:

"(d) In any proceeding under this act, the burden of proving an exemption or an exception from a definition is upon the person claiming it." MCLA 451.802(d); MSA 19.776(402)(d).

The Court in *Dempster,* speaking once again through Chief Justice T. G. KAVANAGH, found no constitutional infirmity; rather it likened the duty to show an exception to that of an affirmative defense. Ultimately, the Court held at 713–714:

"This Uniform Securities Act provision, read in light of *People v Henderson, supra,* must be interpreted to mean that once the state establishes a prima facie case of statutory violation, the burden of going forward, *i.e.,* of injecting some competent evidence of the exempt status of the securities, shifts to the defendant. However, once the defendant properly injects the issue, the state is obliged to establish the contrary beyond a reasonable doubt."

Moreover, the Court brushed aside differences in

language between the concealed weapons statute and the Uniform Securities Act, and in a footnote illustrated the intended scope of a provision permitting an exemptive defense:

"We are cognizant of the fact that the concealed weapons statute speaks of the 'burden of establishing' the license, and states that this does not shift the 'burden of proof for the violation'. (Footnote omitted.) While that language might be preferable to that of the instant statute, the principle is not different.[8]

"[8] *Probably the clearest statement of the principle intended by such a proviso* is found in the Drug Abuse Prevention & Control Act, 84 Stat 1279 (1970), 21 USCA 885(a)(1):

" 'It shall not be necessary for the United States to negative any exemption or exception set forth in this title [subchapter] in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this title [subchapter], and *the burden of going forward* with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit.' " 396 Mich at 712–713. (Emphasis added.)

In light of the teachings of *Rios, Henderson,* and principally *Dempster, supra,* we hold that once the people show a prima facie violation of the Controlled Substances Act, MCLA 335.356(1); MSA 18.1070(56)(1) then operates to impose on defendant "the burden of going forward, *i.e.,* of injecting some competent evidence of the exempt status," of the drug. *Dempster, supra.*

Since in the present case the lower court mistakenly forestalled whatever effort defendant might have made to show an applicable exception, we believe a remand for an evidentiary hearing is warranted. If on remand defendant can produce some competent evidence showing (1) that Federal regulations have excepted phencyclidine (or its chemical equivalent) *and* (2) that dispensing the

excepted compound is required under law to be by prescription, then defendant shall be retried, or, at the prosecution's option, dismissed. Should a retrial occur, defendant will have the same burden of production as above, and once that burden is met, the plaintiff, whether by quantitative analysis or otherwise, shall have the onus of proving beyond reasonable doubt that the exception should not apply.

If, however, defendant on remand is unable to proffer the requisite evidence, then his conviction shall stand affirmed.

We have chosen the vehicle of a remand for a hearing over the reversal and discharge approach opted for in *Dempster, supra,* because, unlike the somewhat amorphous term "commercial paper" analyzed in *Dempster,* phencyclidine is a known quantity readily recognizable by chemical testing. Hence, no ambiguity can surround its use, possession or manufacture which would deprive one of notice that such activity is clearly proscribed.

## II

Defendant next assails the lower court's decision, over both the prosecution's and defendant's objections, to submit the issue of entrapment to the jury. The dispute centers not on whether this was error (for it surely was[3]), but rather, on what remedy will best cure the error. Defendant insists that a new trial is mandated, whereas the people urge us to grant merely an evidentiary hearing.

---

[3] *See People v Sheline,* 64 Mich App 193; 235 NW2d 177 (1975), *lv granted,* 395 Mich 817 (1975), *People v Fraker,* 63 Mich App 29; 233 NW2d 878 (1975), *People v Zeegers,* 61 Mich App 546; 233 NW2d 76 (1975).

Both routes have precedential support. Compare *People v Cushman,* 65 Mich App 161; 237 NW2d 228 (1975), with *People v Keefe,* 69 Mich App 431; 245 NW2d 78 (1976).

We choose to follow *People v Keefe,* because of its factual similarity to the instant case. Accordingly, the defendant will be permitted an evidentiary hearing on remand where he will bear the burden of proving entrapment by a preponderance of the evidence. See *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976).

In sum, then, the purpose of the remand is twofold. Irrespective of the order in which defendant chooses to raise the questions, he must either prove he was entrapped or else come forward with evidence showing that phencyclidine is an excepted compound. If the former proves fruitful, he shall be set free; if the latter, he shall, at the people's option, be retried.

Remanded for proceedings consonant with this opinion.

ALLEN, J., concurred.

D. E. HOLBROOK, P. J. *(concurring in part, dissenting in part).* This writer concurs with the majority that it was error for the trial judge to submit the entrapment issue to the jury and also agrees that the best remedy for correction of this error is remand to the trial court for an evidentiary hearing to give defendant a chance to prove entrapment. (Part II of majority opinion.) *People v Keefe,* 69 Mich App 431; 245 NW2d 78 (1976). However, this writer respectfully cannot agree with the majority opinion as to Part I and can see no reason to remand for an evidentiary hearing to give defendant another opportunity to present

evidence that the drug he sold herein was excepted from the Controlled Substances Act.

The majority opinion's statement in Part I is quite correct:

"[O]nce the people show a prima facie violation of the Controlled Substances Act, MCLA 335.356(1); MSA 18.1070(56)(1), then operates to impose on defendant 'the burden of going forward, *i.e.,* of injecting some competent evidence of the exempt status,' of the drug. *Dempster, supra.*"

However, defendant failed at trial to inject *any* competent evidence of the possible exempt status of the drug he sold herein. MCLA 335.356(1); MSA 18.1070(56)(1) is constitutionally valid and does not shift the burden of proving innocence. Our Supreme Court has upheld statutory provisions requiring the defendant to present some evidence in order to put a question at issue. *People v Rios,* 386 Mich 172; 191 NW2d 297 (1971), *People v Henderson,* 391 Mich 612; 218 NW2d 2 (1974), *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976). The majority, however, would remand for a hearing in order to give defendant another opportunity to produce some competent evidence that this drug may be excepted. This is done on the basis that Administrative Code 1973, AACS 338.3129, provides an exception if a defendant claiming the exception can show that a Federal exception exists and that the compound in question can be obtained solely by prescription. Majority opinion, p 30. However, at trial, and even on appeal, defendant has failed to allege any facts which would justify such an exception herein. Neither party recognized this rule in argument or in their briefs. It was not argued at trial and its application herein is extremely doubtful. MCLA 335.356(1);

MSA 18.1070(56)(1), provides that a defendant must allege some facts to show an exception or exemption from the Controlled Substances Act. Defendant failed to do this at trial, and, in fact, has failed still to allege *any* such facts on appeal.

Defendant does maintain on this appeal that although there was testimony showing that the tablets sold by defendant contained PCP, the prosecution must still present a quantitative analysis. Neither statute nor administrative rule requires such a quantitative analysis for this drug. Defendant has failed to allege that any statutory or administrative rule exempts *any* compound containing PCP from scheduled coverage under the Controlled Substances Act, MCLA 335.318(1)(b); MSA 18.1070(18)(1)(b), although the statute expressly authorizes the administrator to do so by administrative rule if the administrator finds:

> "[T]he compound, mixture or preparation contains 1 or more active medicinal ingredients not having a stimulant or depressant effect on the central nervous system, and if the admixtures are included therein in combinations, quantity, proportion or concentration that vitiate the potential for abuse of the substances which have a stimulant or depressant effect on the central nervous system." MCLA 335.318(2); MSA 18.1070(18)(2).

Defendant has failed to assert any facts which would bring him within this or any other exception to the scheduled coverage of the Controlled Substances Act. No one has shown any rule whereby the Legislature, administrator or anyone else has found any PCP compound to be exempt from scheduled coverage. There was no reason to undertake a quantitative analysis of the drug sold once it was qualitatively shown to contain PCP, a

drug which has no known exceptions to coverage under the Controlled Substances Act.

The majority indicates that remand is justified because the lower court mistakenly forestalled whatever effort defendant might have made to show an applicable exception. This is just not so. The record indicates that the trial court properly found no reason to examine quantitatively the drug sold by defendant herein.

"Now, as I understand there must be, one, an exception of the administrator and two, if there is an exception to the administrator there is a problem of what the chemical consistancy *[sic]* of the particular controlled substance and surrounding materials might be.

"In this instance before ruling on this matter I indicated to Counsel in Chambers that *in the absence of any promulgated rules establishing exceptions for a compound containing PCP* that I would take the position that delivery of any PCP as that of a controlled substance had no exception to it.

"The basis of the ruling is on the fact that we do have the Michigan Administrative Code and we have procedures inacted *[sic]*, all of which establish strictly the manner in which the administrator may promulgate rules.

"Notice, of course, is an important factor and we have examined this morning the Michigan Administrative Code from the date of its promulgation of the act to the present time and I find no exception for any compound whatsoever notwithstanding the compound containing PCP." (Emphasis supplied.)

The court did indicate to counsel that if he showed any exception for a PCP compound then the court would be inclined to force the prosecution to present evidence of a quantitative analysis of the subject drug.

"I indicated to Counsel and I just say this at this

point in time that I likely would require chemical analysis of the materials to see what medicinal ingredients, if any were contained within the PCP to determine whether that substance falls within the exception.

"I recognize the act technically shifts the burden to the Defendant to prove the exceptions but I might be inclined with Counsel that chemical analysis at this point would be something that might place an undue burden on the Defendant and I would likely order upon request chemical analysis for those purposes.

"In short, I might place the burden on the People with regard to that but here we don't even get to that because there's no showing before the court and I hold that it is strictly a matter of law that there is no showing that the administrative promulgated rules contained within the Michigan Code indicate that any PCP compound has been excepted so therefore the motion is denied."

The court thoroughly and properly considered the law and facts in denying defendant's motion for a directed verdict based on the prosecution's failure to prove more than a qualitative analysis of the drug sold herein. There was ample testimony that this drug sold by defendant was PCP. There was no showing that any PCP compound is excepted from coverage under the Controlled Substances Act. The trial court was correct in denying defendant's motion and should be affirmed in this regard.

This writer votes to concur as to Part II of the majority opinion, but votes to affirm the trial court as to Part I as contained in the majority opinion.