PEOPLE v BEATTY

Opinion of the Court

1. Drugs and Narcotics—Controlled Substances—Delivery of Controlled Substance—Quantity Requirement—Statutes.

Quantitative analysis is not required before criminal possession or delivery of a controlled substance allegedly possessed or delivered by a defendant may be established where the defendant admittedly delivered 1,000 tablets containing the substance (MCLA 335.341[1] [b]; MSA 18.1070[41] [1] [b]).

2. Drugs and Narcotics—Amphetamines—Prohibition Against Delivery—Exception—Exemptions—Burden of Proof—Statutes.

A general prohibition is created by statute against delivery of amphetamine and its salts, and once the people have made a prima facie showing of delivery a defendant who claims an exception or an exemption has the burden of showing that his actions come within an exception or exemption to the general prohibition; in order to meet his burden of showing a statutory exception or exemption a defendant must put in some competent evidence that the substance he delivered falls within one of the exempt catagories (MCLA 335.356[1]; MSA 18.1070[56] [1]).

3. Drugs and Narcotics—Informations—Amphetamine—Salt of Amphetamine—Proofs.

An information which charged a defendant with delivery of amphetamines was sufficient and there was no fatal variance between the charge and the proof where the people's proof did not differentiate between amphetamine and its salts, but the

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45–47.
What constitutes "possession" of a narcotic drug proscribed by § 2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.
[2, 5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.27, 45.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 41, 42.
[4, 6] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45.

defendant showed that the pills which he delivered contained a salt of amphetamine.

DISSENT BY T. M. BURNS, J.

4. DRUGS AND NARCOTICS—CONTROLLED SUBSTANCES ACT—DELIVERY OF CONTROLLED SUBSTANCE—PRIMA FACIE SHOWING—IDENTIFICATION OF SUBSTANCE.

*An exact identification of a controlled substance delivered by a defendant is an essential part of a prima facie showing by the prosecution of a violation of the Controlled Substances Act.*

5. DRUGS AND NARCOTICS—CONTROLLED SUBSTANCES ACT—EXCEPTIONS —EXEMPTIONS—IDENTIFICATION OF SUBSTANCE.

*A defendant charged with delivery of a controlled substance should not be required to come forward with proof that his actions came within an exception or exemption to the Controlled Substances Act until the substance which he delivered has been specifically identified.*

6. DRUGS AND NARCOTICS—CONTROLLED SUBSTANCES ACT—EXEMPTIONS—AMPHETAMINE—SALTS OF AMPHETAMINE.

*A case should be remanded for an evidentiary hearing to determine the exact identity of a substance delivered by a defendant and its exempt or nonexempt status under the Controlled Substances Act where the defendant was charged with delivery of amphetamine, the defendant's expert testimony established that the tablet delivered could not have been amphetamine, and the people's expert testified that the tablets contained a salt of amphetamine without identifying which of the many possible salts it may have been.*

Appeal from Jackson, James G. Fleming, J. Submitted June 8, 1977, at Lansing. (Docket No. 29176.) Decided September 20, 1977.

Donald F. Beatty was convicted of delivery of a controlled substance. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Mark T. Light,* for defendant.

Before: DANHOF, C. J., and T. M. BURNS and
A. E. KEYES,* JJ.

A. E. KEYES, J. Following a bench trial held on
January 21, 22 and 29, 1976, defendant was found
guilty on February 10, 1976, of delivery of a con-
trolled substance, amphetamines, in violation of
MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). On
April 1, 1976, defendant was sentenced to 3-1/2 to
7 years imprisonment. Defendant appeals as of
right.

On appeal defendant presents three issues. We
will discuss only the third issue, wherein the
defendant argues that at trial he proved that he
had not delivered amphetamine and could not
properly be convicted of delivery of an unspecified
salt of amphetamine. Defendant divides this issue
into two sub-arguments.

First, defendant asks, "Did the Trial Court err
in concluding that any substance containing any
quantity of any salt of Amphetamine is prohib-
ited." The record discloses that the trial court in
finding the defendant guilty stated:

"I, likewise, take judicial notice of the fact that amphe-
tamines and their salts are prohibited under Michigan's
Controlled Substances Act * * * ."

The statute under which the defendant was
charged and convicted reads in part:

"Sec. 16. The following controlled substances are
included in schedule 2:

                        * * *

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

"(c) Unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having potential for abuse associated with a stimulant effect on the nervous system:

"(i) Amphetamine, its salts, optical isomers, and salts of its optical isomers.

"(ii) Any substance which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers." MCLA 335.316; MSA 18.1070(16).

Defendant argues that amphetamine and its salts are prohibited by the statute only in quantities having a potential for abuse. In this case the defendant admittedly delivered 1,000 tablets, samples of which were analyzed by the people's expert as containing amphetamine or its salts. In *People v Busby,* 56 Mich App 389, 392, 394; 224 NW2d 322 (1974), this Court stated that:

"In essence * * * what has been forbidden * * * is the possession of quantities of the prescribed substances capable of being sold or consumed.

* * *

"We therefore hold that quantitative analysis is not required before criminal possession of the drugs or substances allegedly possessed by the defendant may be established."

This rationale applies to delivery as well as possession.

Defendant further argues that the statute provides for exceptions and points out a number of products containing amphetamine or its salts which are in fact excepted or exempted from the statute. Defendant then asserts that "The Trial Court erred in concluding that any substance containing any quantity of any salt of Amphetamine is prohibited". As noted above, however, the trial

court's actual determination was simply that "amphetamines and their salts are prohibited".

If the tablets which defendant delivered were, in the given circumstances, excepted or exempted from the statute he would have committed no crime. As we read the statute, however, it creates a general prohibition of the delivery of amphetamine and its salts. The people proved that defendant violated this prohibition. The statute puts the burden on the defendant to show his actions come within an exception. MCLA 335.356(1); MSA 18.1070(56)(1) reads:

"Sec. 56. (1) It is not necessary for the state to negate any exemption or exception in this act in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under this act. The burden of proof of any exemption or exception is upon the person claiming it."

In *People v Dean,* 74 Mich App 19; 253 NW2d 344 (1977), this Court held that this statutory provision was constitutionally valid but construed it as putting the burden of going forward with the evidence rather than the burden of persuasion on the defendant. The opinion in *Dean* relied in part on *People v Dempster,* 396 Mich 700, 713–714; 242 NW2d 381 (1976), which reads in part:

"[O]nce the state establishes a prima facie case of statutory violation, the burden of going forward, *i.e.,* of injecting some competent evidence of the exempt status * * * shifts to the defendant. However, once the defendant properly injects the issue, the state is obliged to establish the contrary beyond a reasonable doubt."

In *Dean, supra,* at 27 this Court found that the trial court erred because it "mistakenly forestalled

whatever effort defendant might have made to
show an applicable exception * * * ". In the pres-
ent case the trial court did not so forestall the
defendant's efforts. Defendant was allowed to pres-
ent the testimony of his own expert, and in addi-
tion submitted proofs to the effect that there were
some exceptions and exemptions of products con-
taining amphetamines and amphetamine salts.
The trial court's determination that defendant was
guilty as charged implicitly found that the tablets
delivered by the defendant were not excepted or
exempted from the statutory prohibition. Our re-
view of the record convinces us that while defend-
ant introduced evidence that there are exceptions,
he introduced no evidence of the exempt status of
the tablets he was charged with delivering. We
hold that once the people have made a prima facie
showing of delivery in violation of the Controlled
Substances Act, the defendant in order to meet his
burden of showing a statutory exemption or excep-
tion must put in some competent evidence that the
substance he delivered falls within one of the
exempt categories. This the defendant here failed
to do. Since the defendant failed to give any evi-
dence that the pills he delivered were within an
exception or exemption, and since the defendant
was not foreclosed from presenting such evidence,
there was no error here.

In the defendant's second subdivision of this
issue he asserts that the trial court lacked jurisdic-
tion to try the defendant because the defendant
was charged in the information with delivery of
amphetamine, and the defendant waived prelimi-
nary examination on only the charge of delivery of
amphetamine, while the proofs at trial supported
and the trial court found the defendant guilty of
the charge of delivery of a salt of amphetamine.
The trial court's actual words were: "I find Donald

Beatty that you are guilty beyond a reasonable doubt of the offense charged in the People's Information."

The information charged defendant with delivery of a controlled substance, amphetamine. The people's proof was such that it did not differentiate between amphetamine or its salts, but defendant correctly pointed out at trial that amphetamine is a liquid, that defendant delivered solid pills, and that therefore these pills must have contained amphetamine salt rather than amphetamine. We believe that the information was sufficient and that there was no fatal variance between the charge and the proof. See *People v Adams*, 389 Mich 222, 242–243; 205 NW2d 415 (1973), *United States v Van Buren*, 513 F2d 1327, 1328 (CA 10, 1975), *United States v Parkison*, 417 F Supp 730, 732–734 (ED Wis, 1976).

We have reviewed the defendant's other assertions of error and find them to be without merit.

Affirmed.

DANHOF, C. J., concurred.

T. M. BURNS, J. *(dissenting)*. The majority state: "[O]nce the people have made a prima facie showing of delivery in violation of the Controlled Substances Act, the defendant in order to meet his burden of showing a statutory exemption or exception must put in some competent evidence that the substance he delivered falls within one of the exempt categories." I would hold that an essential part of the prima facie showing of a violation is to identify exactly the substance delivered. The people did not do so in this case.

The defendant should not be required to come forward with proof under MCLA 335.356; MSA 18.1070(56) until the substance delivered has been

specifically identified. See, *People v Dean,* 74 Mich App 19; 253 NW2d 344 (1977). The resources needed for precise identification are more readily available to the state than the individual. When an individual's liberty is at stake, the state must utilize those resources.

In this case, the people's expert testified that the tablets delivered by defendant contained a salt of amphetamine, without specifically identifying which of the hundreds of possible salts it might have been. This testimony was given only after the defendant's expert testimony had established that the tablets could not have been amphetamine because that substance occurs only as a liquid or an oil.

The case should be remanded for an evidentiary hearing to determine the exact identity of the substance delivered and its exempt or nonexempt status.