## WILSON v. HARTLEY.

1. TRIAL—COMMUNICATIONS BETWEEN JUDGE AND JURY.
   Trial judges have a responsibility to communicate to the jury directly in open court and in the presence of, or after notice to, the parties or their counsel.

2. SAME—COMMUNICATIONS BETWEEN JUDGE AND JURY.
   Prejudicial error *held*, not to have resulted from written question by jury's foreman relative to form of verdict that was answered by oral communication from the judge to the jury through the clerk in the presence of the bailiff in the jury room, although such improper method of handling a jury trial is not condoned, the secrecy of jury deliberations being the jurisdiction of the trial judge.

3. SAME—CONTACT WITH JURY.
   Record in personal injury case arising out of an automobile accident *held*, not to justify finding there had been a second contact with the jury during its deliberations.

Appeal from Oakland; Ziem (Frederick C.), J. Submitted October 4, 1961. (Docket No. 21, Calendar No. 49,202.) Decided December 28, 1961. Rehearing denied March 15, 1962.

Case by Lace Wilson, Jr., against Pearl W. Hartley for personal injuries sustained in collision of motor vehicles. Verdict and judgment for defendant. Motion for new trial because of communication to jury denied. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 53 Am Jur, Trial §§ 36, 904.
   Right of court to instruct or to communicate with jury in civil case in absence of counsel. 84 ALR 220.
   Furnishing or reading instructions to jury, in jury room, after retirement, as error. 96 ALR 899.
   Prejudicial effect, in civil case, of communications between court officials or attendants and jurors. 41 ALR2d 288.

*George L. Ginger,* for plaintiff.

*Michael J. Landers,* for defendant.

KAVANAGH, J. Plaintiff appeals from a jury verdict of no cause for action. The case arose out of a collision at the intersection of 16 Mile and John R. roads in the city of Troy, Oakland county, on January 10, 1957, in which plaintiff was injured.

On the second day of the jury deliberations the foreman sent a written note to the trial judge inquiring as to what form was to be used in rendering the verdict. The judge, who was in the process of trying another case, gave certain oral instructions to the clerk of the court to give to the jury in response to the inquiry.

The bailiff and the clerk entered the jury room together and the clerk instructed the jury in the presence of the bailiff. The bailiff testified he did not remember exactly what was said in the jury room. He further stated the instructions given to the jury were not in writing and no record was made of what was said or the contents of the foreman's note.

The clerk testified he gave the following instructions to the jury at the request of the trial judge:

"There is no form which you will use in giving your verdict. I will ask your foreman if he has reached a verdict, and if so, what it is. He will tell me what you have agreed on. And then I will read a form to you and that will be all."

Plaintiff, on appeal, contends this constituted prejudicial error requiring a reversal of the judgment.

Defendant contends that even if it were error, it would not be prejudicial error.

Trial judges have a responsibility to communicate to the jury directly in open court and in the presence of, or after notice to, the parties or their counsel.

The secrecy of the deliberations of the jury is a responsibility of the trial judge. The question of communications, either oral or written, from third parties to the jurors in the jury room has been the subject of several appeals to this Court in the last year. This indicates the importance of calling to the attention of the entire trial bench their duty to preserve the secrecy of the jury deliberations.

The communication here in question and the answer thereto did not pertain to any phase of the case bearing upon plaintiff's right to recover—instead the note and the reply pertained solely to the proper form in which a verdict should be rendered. Although we do not condone such improper method of handling a jury trial, under the circumstances we are of the opinion that no prejudice resulted to plaintiff and that the situation does not constitute a just reason for reversal of the verdict and judgment. The authorities cited by appellant do not apply to the facts presented in this case.

Plaintiff's second allegation of error, with reference to a possible second contact with the jury during its deliberations, is not supported by the record. The record does not disclose a second contact.

The judgment of the trial court is affirmed, with costs to defendant.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.