PEOPLE v JUSTICE

PEOPLE v SKELDING

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—WITNESSES—QUESTIONING BY JURORS.

A preliminary instruction to the jury which read "so that we can understand each other also, do not engage any of us in any conversation during the lunch recess or breaks, overnight recesses, any of that business" was not an instruction that the jurors had no right to question witnesses; its clear import was that everything pertaining to the trial had to take place in the courtroom.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—WITNESSES—QUESTIONING BY JURORS—DISCRETION.

Both the questioning of witnesses by jurors and the method of submission of the questions are matters within the sound discretion of the trial court; a defendant who wished the jury apprised of this possibility may invoke the court's discretion by request, and it was not error for the trial court to fail to instruct the jurors *sua sponte* that they might ask questions of the witnesses.

3. CRIMINAL LAW—DEFENSES—INSANITY—DIRECTED VERDICT—JURY QUESTION.

It was not error for the trial court in a criminal case to fail to direct a verdict of not guilty by reason of insanity where the record disclosed conflicting evidence upon the issue of sanity which, when viewed in the light most favorable to the prosecution, was sufficient to present a question for the jury.

4. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—EXPERT WITNESSES—PSYCHIATRISTS—DEFENSES—INSANITY—PREVIOUS ACTIVITY OF DEFENDANT.

There was no impermissible reference to prior convictions in a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 906.

[3] 53 Am Jur, Trial §§ 352, 411, 847.

[4] 21 Am Jur 2d, Criminal Law § 585.

[5] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

criminal case involving an insanity defense where the defend-
ant's psychiatrist first indicated that defendant was a psycho-
pathic person and then described such a person as constantly
and frequently in trouble and where the prosecutor simply
asked if the psychiatrist was aware of the background of the
defendant in terms of previous activity and did not ask any
questions pertaining to prior convictions; the information solic-
ited by the prosecutor was relevant to support the psychiatrist's
description of defendant as a person constantly in trouble.

5. CRIMINAL LAW—SENTENCES—MINIMUM SENTENCES—STATUTES.

A sentence of 7-1/2 to 10 years violates the indeterminate sen-
tence statute and the minimum sentence will be corrected by
the Court of Appeals in accordance with the court rules when
properly preserved for review (MCLA 767.8; GCR 1963,
820.1[7]).

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 2 June 6, 1973, at Detroit.
(Docket Nos. 14433, 14434.) Decided September 27,
1973. Leave to appeal denied, 391 Mich 792.

Thurman Justice and William C. Skelding were
convicted of breaking and entering with intent to
commit larceny. Defendants appeal. Affirmed and
defendant Justice's sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Thomas J.
Kizer, Jr.,* Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendants on appeal.

Before: BRONSON, P. J., and V. J. BRENNAN and
WALSH,* JJ.

PER CURIAM. Defendants, William C. Skelding
and Thurman Justice, were charged with breaking
and entering with intent to commit larceny.
MCLA 750.110; MSA 28.305. On April 15, 1972, a

* Circuit judge, sitting on the Court of Appeals by assignment.

jury found both defendants guilty. On May 9, 1972, defendant Skelding was sentenced to serve 2-1/2 to 10 years and defendant Justice was sentenced to serve 7-1/2 to 10 years.

Defendant Skelding raises a single issue in this appeal: Is it reversible error when the trial court fails to instruct the jurors *sua sponte* that they might ask questions of the witnesses?

Defendant Skelding first complains that a preliminary instruction to the jurors by the court was a statement that the jurors had *no* right to question witnesses. The instruction read:

"So that we can understand each other also, do not engage any of us in any conversation during the lunch recess or breaks, overnight recesses, any of that business."

We disagree. The clear import of this statement by the trial judge was that everything pertaining to the trial had to take place in the courtroom. The trial court was explaining that no discussion of the proceedings was to take place during recesses outside the courtroom.

Defendant relies on *People v Heard,* 388 Mich 182, 188; 200 NW2d 73, 76 (1972), which held *inter alia:*

"We hold that the questioning of witnesses by jurors, and the method of submission of such questions, rests in the sound discretion of the trial court. The trial judge *may* permit such questioning if he wishes, and we hold that it was error for the judge to rule that under no circumstances might a juror ask any questions." (Emphasis supplied.)

*Heard, supra,* only stated that it was error to instruct the jurors that questions were *totally* precluded. Defendant Skelding never requested the

court to permit questions nor did he object at trial to the statement complained of on this appeal. Both the questioning and the method of submission of the questions are matters within the sound discretion of the trial court. There is no requirement in *Heard* requiring that the court *sua sponte* instruct the jurors of the possibility of questions. The defendant who wishes a jury appraised of this possibility may invoke the court's discretion by request. We find no error.

Defendant Justice contends that the trial court should have directed a verdict of not guilty by reason of insanity, that the prosecutor improperly introduced evidence of defendant's prior criminal record, and that his sentence of 7-1/2 to 10 years is in violation of the guidelines set forth in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

Our careful review of the entire record and transcript discloses conflicting evidence upon the issue of sanity. Viewing this evidence in the light most favorable to the prosecution we find sufficient evidence to present a question for the jury. See *People v Stoddard,* 48 Mich App 440; 210 NW2d 470 (1973); *People v English,* 29 Mich App 36; 185 NW2d 139 (1970), *leave den,* 384 Mich 823 (1971). The jury decided the question of sanity adverse to defendant and we find no error.

A careful reading in context of the testimony of defendant's psychiatric expert *discloses no impermissible reference to prior convictions.* The psychiatrist first indicated that defendant was a psychopathic person and then described such a person as constantly and frequently in trouble. The prosecutor did not ask any questions pertaining to prior convictions. The prosecutor simply asked if the psychiatrist was aware of the background of the defendant in terms of previous activity. This infor-

mation was relevant to support the psychiatrist's description of defendant as a person constantly in trouble. The questions and answers in this situation cannot be construed as improper questions pertaining to prior convictions of the defendant.

The convictions of defendant Skelding and Justice are affirmed.

Defendant Justice's contention that his sentence of 7-1/2 to 10 years violates the guidelines in *Tanner, supra,* is correct. The issue has been properly preserved for review, *People v Montgomery,* 43 Mich App 205; 204 NW2d 82 (1972).

Pursuant to GCR 1963, 820.1(7), the minimum sentence heretofore imposed is set aside. *People v Tanner, supra.* The minimum sentence is corrected to provide for a minimum of six years and eight months.

Convictions affirmed. Defendant Justice's sentence modified.