PEOPLE v OLSON

1. CRIMINAL LAW—TRIAL—JUDGES—JURY—ENTERING JURY ROOM.

It is reversible error for a trial judge to enter the jury room while the jury is deliberating; a criminal defendant in such a case does not have to show prejudice.

2. CRIMINAL LAW—STATEMENTS OF DEFENDANT—EVIDENCE—ADMISSIBILITY—IMPEACHMENT—TRUSTWORTHINESS—MIRANDA RIGHTS.

Statements of a criminal defendant taken in violation of his Miranda rights are admissible for impeachment purposes only if they are trustworthy; however, an involuntary confession is inherently untrustworthy.

3. CRIMINAL LAW—APPEAL AND ERROR—STATEMENT OF DEFENDANT—VOLUNTARINESS—TRIAL COURT FINDINGS.

The Court of Appeals, when reviewing the results of a hearing to determine the voluntariness of a criminal defendant's statements, reviews the entire record of the hearing and makes an independant decision, but gives great deference to the findings of the trial court.

4. CRIMINAL LAW—APPEAL AND ERROR—FINDINGS OF FACT—STATEMENTS OF DEFENDANT—VOLUNTARINESS—COURT RULES.

The Court of Appeals will not disturb a trial court's findings of fact in a criminal case where the basic question is one of the credibility of the witnesses; thus a trial court's finding that a defendant's statements had been made voluntarily will not be disturbed although the defendant claims to have been coerced where after a review of the entire record it cannot be said that the trial court's finding was clearly erroneous (GCR 1963, 517.1).

Appeal from Oakland, William R. Beasley, J. Submitted November 13, 1975, at Lansing. (Docket No. 23032.) Decided December 8, 1975. Leave to appeal denied, 396 Mich 824.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 1014.
[2–4] 29 Am Jur 2d, Evidence §§ 523–596.

Ano H. Olson, Jr. was convicted of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Hartman, Beier, Howlett, McConnell & Googasian,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was charged with first-degree murder in the death of his wife. MCLA 750.316; MSA 28.548. On October 23, 1974, a jury convicted him of second-degree murder. MCLA 750.317; MSA 28.549. He was sentenced to 10 to 20 years in prison. Following a denial of a motion for a new trial, defendant appeals as of right.

During the jury's deliberations the trial judge entered the jury room to talk to the jury. In denying defendant's motion for a new trial the trial judge set forth an explanation of what happened in the jury room. "The fact is, nothing was discussed in the jury room except the time when the jury would recess and resume, which, of course, are subjects within the Court's sole discretion." However, this is error.

In *Zaitzeff v Raschke,* 387 Mich 577, 579; 198 NW2d 309 (1972), Justice BLACK, speaking for the Court, said:

"With what was written so plainly in 1961 for *Wilson v Hartley,* 365 Mich 188 [112 NW2d 567], concerning

the indefensible practice of entering the jury room while the jurors are there, no matter by whom done, one would think that this Court had said enough to prevent what took place here. Yet the practice seems to go on, and on, and on, encouraged occasionally by 'no prejudice shown' conclusions of a group of Justices who cannot hope to know what was said, or done, or gestured, or hinted, in the sanctity of the jury room."

Two months later in *People v Heard,* 388 Mich 182, 184; 200 NW2d 73 (1972), the Court said:

"The facts in this case provide an even more compelling reason for preventing this type of action. In *Zaitzeff,* counsel for both parties agreed that they did not need to be present when the jury returned its verdict (p 580). In a sense, they acquiesced to the action of the trial court, which we found to be reversible error. In the instant case, defense counsel strenuously objected, and neither counsel, nor the jury, had requested that the judge bring in these exhibits. On this issue the judgments of the Court of Appeals and of the trial court should be reversed."

Both *Zaitzeff v Raschke, supra,* and *People v Heard, supra,* make it clear that the defendant does not have to show prejudice when the trial judge enters the jury room. As Justice BLACK noted, there is no opportunity for the defendant to prove prejudice since he does not have an "invisible witness" present in the jury room. Intra-Court memorandum of BLACK, J., *quoted* in *Zaitzeff v Raschke, supra* at 581–582 (T. E. BRENNAN, J., dissenting). Errors of this type can easily be avoided by simply requiring the jury to return to the courtroom for any discussion with the trial court. In this way all the parties will know whatever discourse took place.

Since this case must be remanded for new proceedings, we will address ourselves to the one

point raised in the defendant's brief that merits discussion and is likely to occur if there is a new trial. Following a *Walker*[1] hearing the trial court ruled that certain statements taken in violation of defendant's *Miranda*[2] rights were admissible for impeachment purposes.[3] Statements taken in violation of *Miranda* are only admissible for impeachment purposes if they are trustworthy. *Harris v New York,* 401 US 222, 224; 91 S Ct 643; 28 L Ed 2d 1 (1971). The Michigan Supreme Court has stated that an involuntary confession is inherently untrustworthy. *People v Reed,* 393 Mich 342, 355–356; 224 NW2d 867 (1975).

Unlike the trial court in *People v Reed, supra,* the trial court in this case specifically stated that the defendant's statements were excluded from the prosecution's case in chief because of a violation of *Miranda* and not because the statements were involuntary. In reviewing the results of a *Walker* hearing this Court reviews the entire record of the hearing and makes an independent decision, but we give great deference to the findings of the trial court since it is in a much better position to evaluate the credibility of various witnesses. *People v Hummel,* 19 Mich App 266, 268–270; 172 NW2d 550 (1969), *lv den,* 383 Mich 793 (1970), accord, *People v Bradley,* 54 Mich App 89, 97–98; 220 NW2d 305 (1974).

After reviewing the record of the *Walker* hearing that lasted four days, we are unable to find any evidence that the defendant was physically coerced into making the inculpatory statements.

[1] *People v Walker* (On Rehearing), 374 Mich 331; 132 NW2d 87 (1965).

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[3] The order followed a remand from an interlocutory appeal to this Court. *People v Olson,* Docket #20436, Rel'd 5/31/74.

There is no indication that the defendant was subjected to physical force, threats or restraints. Nor is there any indication that the defendant was promised anything for making the statements.

However, it is possible for the defendant to be subjected to a more subtle form of coercion so as to render the statements involuntary. See, *e.g., People v Bland,* 52 Mich App 649; 218 NW2d 56 (1974). Defendant testified at the *Walker* hearing that he was not allowed to go home to make the funeral arrangements for his wife, but one of the officers testified that defendant made this request after he had been placed under arrest. Defendant also claims that he was told he could not attend his wife's funeral. However, this was contradicted by one of the police officers present.

Since the evidence on this question is disputed, the issue becomes one of credibility. Where the basic question is one of credibility, we will not disturb the trial court's findings of fact. *Accord, People v Szymanski,* 321 Mich 248, 253–254; 32 NW2d 451 (1948), *People v Bennett,* 3 Mich App 326, 329; 142 NW2d 465 (1966). The defendant's evidence of coercion was contradicted and we cannot say after reviewing the entire record of the *Walker* hearing that the trial court's finding that the defendant's statements were voluntary is clearly erroneous. GCR 1963, 517.1; *People v Bradley, supra.*

Reversed and remanded.