## PEOPLE v CAIN

Docket No. 44968. Submitted November 14, 1979, at Detroit.—Decided January 3, 1980. Leave to appeal applied for.

Defendant, David Cain, was convicted in Recorder's Court of Detroit of armed robbery and felony-firearm. During jury deliberations the bailiff was handed a note asking whether the verdict had to be unanimous. The note was conveyed to the judge, Dalton A. Roberson, who was occupied with other court matters. The judge instructed the bailiff to return to the jury room and inform the jury that the verdict must be unanimous. The bailiff returned to the jury room, knocked on the door and opened it. Standing in the doorway and without entering the room the bailiff told the jurors that their verdict had to be unanimous. The court later granted defendant a new trial on the basis of this incident. The people appeal by leave granted. Held:

The trial court acted improperly, but the error does not require the granting of a new trial in the absence of a showing of prejudice.

Reversed.

M. F. Cavanagh, J., dissented. He would hold that there is a strict rule prohibiting any communication with the jury outside the courtroom and the presence of counsel, breach of which requires a new trial, and prejudice need not be shown. He would affirm.

### Opinion of the Court

1. Criminal Law — Trial — Instructions to Jury.

A trial court acted improperly, when questioned by a jury as to whether the verdict had to be unanimous, in allowing the bailiff, outside the presence of the judge and counsel, to instruct the jury that it must be, but his error did not require the granting of a new trial in the absence of a showing of prejudice.

References for Points in Headnotes

[1, 2] 76 Am Jur 2d, Trial §§ 1045-1048.

Additional instruction to jury after submission of felony case, in accused's absence. 94 ALR2d 270.

DISSENT BY M. F. CAVANAGH, J.

2. CRIMINAL LAW — TRIAL — INSTRUCTIONS TO JURY.

   *A trial court acted improperly, when questioned by a jury as to whether the verdict had to be unanimous, in allowing the bailiff, outside the presence of the judge and counsel, to instruct the jury that it must be, and such error requires the granting of a new trial.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Arthur Jay Weiss,* for defendant.

Before: R. B. BURNS, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

R. B. BURNS, P.J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and felony firearm, MCL 750.227b; MSA 28.424(2).

In a post-trial hearing the court officer testified that the jury adjourned to deliberate at approximately 9:00 a.m. At approximately 9:30 a.m., there was a knock on the jury room door. The bailiff answered the door and was handed a note. In the note the jury asked whether the verdict had to be unanimous. The bailiff took the note to the judge who read it and told the bailiff to tell the jurors that their verdict had to be unanimous. The bailiff returned to the jury room, knocked on the door and opened it. Standing in the doorway, not entering the jury room, he told the jurors that their verdict had to be unanimous.

The trial court granted defendant's motion for a new trial.

We are well aware of the numerous cases wherein trial courts have been chastised for allow-

ing anyone to communicate with the jury outside of the courtroom and the presence of counsel. However, lately there has been a relaxation of the rule and some states are requiring a showing of prejudice before granting a new trial. *Gale v Hoekstra,* 59 Ill App 3d 400; 16 Ill Dec 583; 375 NE2d 456 (1978), *Seitz v Seitz,* 35 Wis 2d 282; 151 NW2d 86 (1967).

*Wilson v Hartley,* 365 Mich 188; 112 NW2d 567 (1961), presented facts very similar to this case. The jury foreman sent a note to the judge inquiring as to the form of the verdict. The judge, who was trying another case, gave oral instructions to the clerk of the court to give to the jury. The clerk and bailiff went to the jury room and the clerk informed the jury:

"There is no form which you will use in giving your verdict. I will ask your foreman if he has reached a verdict, and if so, what it is. He will tell me what you have agreed on. And then I will read a form to you and that will be all." 365 Mich 188, 189.

Justice Thomas M. Kavanagh, writing for a unanimous Court, stated:

"Although we do not condone such improper method of handling a jury trial, under the circumstances we are of the opinion that no prejudice resulted to plaintiff and that the situation does not constitute a just reason for reversal of the verdict and judgment." *Id.,* 190.

So, in our present case. In our opinion the court acted improperly, but the actions do not require a new trial.

Reversed.

D. E. Holbrook, Jr., J., concurred.

M. F. CAVANAGH, J., *(dissenting).* I strongly disagree with the majority's conclusion that the grant of a new trial in this case was error. My brothers note that the strict rule prohibiting any communication with the jury outside of the courtroom and the presence of counsel has been relaxed in some states. This is not so in Michigan.

There is no dearth of Michigan law on this point, yet my brothers fail to mention, let alone distinguish, the decisions in *Zaitzeff v Raschke,* 387 Mich 577; 198 NW2d 309 (1972), *People v Heard,* 388 Mich 182; 200 NW2d 73 (1972), *People v Olson,* 66 Mich App 197; 238 NW2d 579 (1975), *lv den* 396 Mich 824 (1976), *People v Percy Harris,* 43 Mich App 746; 204 NW2d 734 (1972), *People v Kangas,* 366 Mich 201; 113 NW2d 865 (1962), *People v Zeegers,* 61 Mich App 546; 233 NW2d 76 (1975), *lv den* 395 Mich 807 (1975).

In *Zaitzeff, supra,* 579, Justice BLACK stated:

"With what was written so plainly in 1961 for *Wilson v Hartley,* 365 Mich 188 [112 NW2d 567], concerning the indefensible practice of entering the jury room while the jurors are there, no matter by whom done, one would think that this Court had said enough to prevent what took place here. Yet the practice seems to go on, and on, and on, encouraged occasionally by 'no prejudice shown' conclusions of a group of Justices who cannot hope to know what was said, or done, or gestured, or hinted, in the sanctity of the jury room."

In *People v Kangas, supra,* the Court stated at pages 206-207:

"[C]ommunications or instructions by the court to the jury, after they have retired for deliberations, out of court and in the absence of the parties or their counsel, are grounds for a new trial, *regardless of whether such communications or instructions were prejudicial."* (Emphasis added.)

How much more explicitly can it be stated?

In the instant case the communication to the jury was in the nature of an instruction, off the record and without counsel, in (at the perimeter of) the jury room, and while the jury was deliberating. The facts of this case are indistinguishable from those in *People v Zeegers, supra,* and *People v Kangas, supra.* Accordingly, I think leave was improvidently granted by this Court, and I would affirm the trial court's granting of a new trial.