PEOPLE v WASHINGTON

Docket No. 54910. Submitted June 11, 1982, at Lansing.—Decided
September 9, 1982.

William Washington, Sr., was convicted by a jury in Ingham
Circuit Court of breaking and entering a motor vehicle with the
intent to steal property having a value of not less than $5.
Defendant was then convicted in a nonjury trial of being an
habitual offender and was sentenced, James T. Kallman, J.
Defendant appeals. *Held:*

1. Defendant's conviction on the breaking and entering
charge is reversed and the case is remanded for a new trial
because the trial court erred by instructing the bailiff to
communicate with the jurors during deliberations and without
counsel being present.

2. On retrial, the court shall articulate the factors considered
in making a determination on the admissibility of evidence of
defendant's prior convictions.

3. Defendant's motion for peremptory reversal is denied as
being moot.

Reversed and remanded.

1. New Trial — Instruction to Jury out of Court — Prejudice.

Communications or instructions to the jury, after they have
retired for deliberations, out of court and in the absence of the
parties or their counsel, are grounds for a new trial, regardless
of whether such communications or instructions were prejudi-
cial.

2. Criminal Law — Evidence — Admissibility of Evidence —
Impeachment — Prior Convictions.

The rule allowing the decision whether to allow impeachment of
a defendant in a criminal case by evidence of prior convictions
to rest in the discretion of the trial court envisions a balancing

References for Points in Headnotes

[1] 58 Am Jur 2d, New Trial § 110.
Prejudicial effect, in criminal case, of communication between court
officers or attendants and jurors. 41 ALR2d 227.
[2] 29 Am Jur 2d, Evidence § 327.

of the following competing factors: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or assume that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?); a trial court abuses its discretion when it fails to consider these factors in deciding to allow evidence of prior convictions.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Bough,* Chief Appellate Attorney, and *Susan K. Marshall,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering a motor vehicle with the intent to steal property having a value of not less than $5, MCL 750.356a; MSA 28.588(1). Defendant was also convicted in a nonjury trial of being an habitual offender, MCL 769.12; MSA 28.1084. He was sentenced to from 2-1/2 to 20 years in prison. Defendant appeals as of right.

During its deliberations, the jury requested eight photographs which were used at a photographic

---

* Circuit judge, sitting on the Court of Appeals by assignment.

showup when the complainant originally identified defendant. Subsequently, the court informed counsel:

"We had one question from the jury, the question read, as follows: 'May we see the eight male pictures that were used to question.'

"I instructed the court bailiff to tell the jury that they were not exhibits, were not part of the record, and were not evidence, and they could not have them. And that was the instruction given, gentlemen."

Neither counsel objected.

In *People v Cain,* 409 Mich 858; 294 NW2d 692 (1980), *rev'g* 94 Mich App 644; 288 NW2d 465 (1980), the Supreme Court reaffirmed the strict rule prohibiting any communication with the jury outside of the courtroom and the presence of counsel while the jury is deliberating.

In *Cain,* the following occurred during deliberations:

"[T]here was a knock on the jury room door. The bailiff answered the door and was handed a note. In the note the jury asked whether the verdict had to be unanimous. The bailiff took the note to the judge who read it and told the bailiff to tell the jurors that their verdict had to be unanimous. The bailiff returned to the jury room, knocked on the door and opened it. Standing in the doorway, not entering the jury room, he told the jurors that their verdict had to be unanimous." *People v Cain,* 94 Mich App 644, 645; 288 NW2d 465 (1980).

The Supreme Court held this to be reversible error.

Being bound by the doctrine of stare decisis, *Hutson v Royal Oak,* 28 Mich App 393, 395; 184 NW2d 558 (1970), we reverse defendant's conviction and remand for a new trial.

Defendant also contends that the trial court abused its discretion in ruling that evidence of two of defendant's five prior convictions would be admissible at defendant's trial. The decision to allow impeachment by evidence of prior convictions is within the discretion of the court, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and the rule envisions a balancing of the competing factors outlined in *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). On retrial the court shall articulate the factors considered in making a determination on the admissibility of evidence of defendant's convictions in accordance with MRE 609(a)(2).

Defendant's motion for peremptory reversal is denied as being moot.

Reversed and remanded.