# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS EDWARD MARTIN,

        Defendant-Appellant.

UNPUBLISHED
March 19, 2015

No.  319143
Kalamazoo Circuit Court
LC No.  2013-000376-FH

Before:  M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Defendant Thomas Edward Martin appeals by right his convictions of third-degree home invasion, MCL 750.110a(4), and malicious destruction of property valued at more than $200 but less than $1,000, MCL 750.380(4)(a).  Because we conclude there were no errors warranting relief, we affirm.

Martin first argues that his trial lawyer's failure to investigate the relationship between two jurors during voir dire, or object to the trial court's failure to investigate the jurors, amounted to ineffective assistance of counsel warranting relief.  Because the trial court did not hold an evidentiary hearing on Martin's ineffective assistance claim,[1] our review is limited to errors that are apparent on the record alone.  *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864.

In order to establish the right to relief, Martin must show that his trial lawyer's acts or omissions during voir dire fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for his lawyer's unprofessional conduct, the result of the proceeding would have been different.  *Id.* at 22.  When reviewing a trial lawyer's conduct, this Court must indulge a strong presumption that his or her conduct was within the wide range of reasonable professional conduct.  *Id.*  Indeed, this Court

---

[1] Martin did move for a remand to the trial court for an evidentiary hearing, but this Court denied the motion after Martin "failed to show that further factual development of the record" was necessary to properly consider the appeal.  See *People v Martin*, unpublished order of the Court of Appeals, entered June 30, 2014 (Docket No. 319143).

must affirmatively entertain the range of possible reasons for the conduct and, if this Court determines that there might have been a legitimate strategic reason for the act or omission, we must conclude that his or her conduct fell within the range of reasonable and professional conduct. *Id.* at 22-23.

During voir dire, the trial court asked the prospective jurors whether any of them knew each other. A juror (Juror Two) indicated that she knew another juror (Juror One), even though Juror One did not indicate that she knew any other juror. The trial court questioned Juror Two outside of the presence of the other jurors and she stated that she knew Juror One, that her interaction with Juror One was "very brief," "very civil," had occurred approximately one year previously, and that the interaction would not affect her deliberations. In addition, Juror Two opined that their acquaintance with Juror One was so minimal that Juror One might not remember her, which appeared to be the case given that Juror One did not, in fact, indicate that she knew or recognized Juror Two.

On this record, we cannot conclude that Martin's trial lawyer's conduct with regard to these two jurors fell below an objective standard of reasonableness. "The purpose of voir dire is to elicit enough information for development of a rational basis for excluding those who are not impartial from the jury." *People v Tyburski*, 445 Mich 606, 618; 518 NW2d 441 (1994) (opinion by Mallett, J.); see also MCR 6.412(C)(1). In this case, Martin's lawyer learned all that was necessary to ensure that the jurors could be impartial. Given the evidence that the interaction between the jurors was so minor that Juror One might not even remember Juror Two, Martin's trial lawyer could reasonably conclude that further inquiry was unnecessary and that there was no cause to strike either juror. For that same reason, his lawyer could reasonably determine that it was unnecessary to ask the trial court to investigate further. Martin has not overcome the presumption that his lawyer's conduct was within the range of competent professional conduct. *Gioglio*, 296 Mich App at 22-23.

In addition, Martin has failed to establish that Juror One was partial. *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008) (stating that it is the defendant's burden to demonstrate that a juror was partial or, at the least, that his or her impartiality was reasonably in doubt). Juror One swore to truthfully answer all of the questions during voir dire, and she did not indicate during voir dire that she knew Juror Two. In addition, Juror One agreed to render her verdict in accord with the trial court's instructions and on the basis of the evidence. She also promised to be fair and swore to try the case justly. Moreover, the jurors were instructed that they must not let prejudice influence their decisions and that each juror was required to make up her own mind about the verdict because any verdict must represent the individual, considered judgment of each juror. Jurors are presumed to follow their instructions. *People v Petri*, 279 Mich App 407, 414; 760 NW2d 882 (2008). There is no evidence that that either juror held a bias or was otherwise unable to follow the trial court's instructions. Martin has not shown that his trial lawyer's failure to further investigate or object prejudiced his trial. *Gioglio*, 296 Mich App at 22.

Martin also argues on appeal that the trial court erred when it instructed the jurors that they could submit questions to the witnesses and that this error deprived him of his constitutional right to due process. Martin's trial lawyer expressed satisfaction with the preliminary jury instructions and thereby waived any objection. *People v Kowalski*, 489 Mich 488, 504-505; 803

NW2d 200 (2011). Nevertheless, even assuming that this issue was not waived, the trial court did not plainly err by giving this instruction. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Trial courts generally have the discretion to allow the jury to ask questions through the court and, if it permits such questioning, the trial court must inform the jurors of the procedure to be followed. MCR 2.513(I); MCR 6.001(D); see also *People v Heard*, 388 Mich 182, 187-188; 200 NW2d 73 (1972). In the present case, Martin does not claim that the trial court failed to utilize a proper procedure with regard to juror questions, nor does he claim that any question submitted by a juror that was asked of a witness was improper. He only argues that the trial court generally erred by permitting the jury to submit questions to the witnesses, that this practice violates due process, and that as a matter of law reform, the practice should stop.

Our Supreme Court has already determined that the practice of allowing jury questions serves legitimate purposes: it helps "unravel otherwise confusing testimony" and aids "the fact-finding process." *Heard*, 388 Mich at 188. Because we are bound by our Supreme Court's determination that the practice is permissible, *People v Tierney*, 266 Mich App 687, 713; 703 NW2d 204 (2005), we cannot agree that with Martin's contention that the practice must be reformed. In addition, Martin's argument that the questions permitted the jury to deliberate before the close of trial is unsupported because there is no evidence in the record that the jurors began deliberating in this case before the close of the trial. Martin failed to meet his burden to furnish a record to verify the factual basis for his argument that the jury deliberated before the conclusion of the case. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Finally, the trial court instructed the jurors that it was important for them to keep an open mind and not make a decision about anything in the case until they went to the jury room to decide the case, and jurors are presumed to follow their instructions. *Petri*, 279 Mich App at 414.

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra