# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT MICHAEL KAPLAN,

Defendant-Appellant.

UNPUBLISHED
June 18, 2015

No. 317826
Wayne Circuit Court
LC No. 12-011968-FH

Before: METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his convictions by a jury of three counts of assault and battery, MCL 750.81, and one count of fourth-degree criminal sexual conduct, MCL 750.520e(1)(b) (sexual contact by use of force or coercion). The trial court sentenced him to one year of probation for each of his assault-and-battery convictions and to five years of probation, with the first 30 days in jail, for his fourth-degree criminal sexual conduct conviction. We affirm.

Defendant first contends that this Court should find a "structural error" requiring reversal because the trial court allowed the jury to ask questions of the witnesses. We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Service, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant did not object when the trial court allowed the jury to ask questions of the witnesses. Therefore, the issue is not preserved. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order for a defendant to obtain relief, he must show that (1) an error occurred, (2) the error was clear or obvious, and (3) the plain error affected substantial rights. *Id*. The third prong requires a showing of prejudice, i.e., that the error affected the outcome of the proceedings. *Id*.

MCR 2.513(I) provides:

> The court may permit the jurors to ask questions of witnesses. If the court permits jurors to ask questions, it must employ a procedure that ensures that such questions are addressed to the witnesses by the court itself, that inappropriate questions are not asked, and that the parties have an opportunity outside the

-1-

hearing of the jury to object to the questions. The court shall inform the jurors of the procedures to be followed for submitting questions to witnesses.

In *People v Heard*, 388 Mich 182, 187-188; 200 NW2d 73 (1972), the Michigan Supreme Court permitted trial courts, in their discretion, to allow jurors to ask questions of trial witnesses. The *Heard* Court stated:

> The practice of permitting questions to witnesses propounded by jurors should rest in the sound discretion of the trial court. It would appear that in certain circumstances, a juror might have a question which could help unravel otherwise confusing testimony. In such a situation, it would aid the fact-finding process if a juror were permitted to ask such a question. We hold that the questioning of witnesses by jurors, and the method of submission of such questions, rests in the sound discretion of the trial court. [*Id.*]

In this case, defendant does not argue that the trial court failed to employ an appropriate procedure for the juror questions or that any juror question was improper; rather, defendant argues that, "as a matter of law reform," the practice of permitting jurors to ask questions of trial witnesses should stop. In support of this proposition, defendant relies on the Minnesota Supreme Court's decision in *State v Costello*, 646 NW2d 204, 215 (Minn, 2002). However, we are not bound by the decisions of courts of other states. *People v Jackson*, 292 Mich App 583, 595 n 3; 808 NW2d 541 (2011). Instead, "the [Michigan] Court of Appeals and the lower courts are bound by the precedent established by the [Michigan] Supreme Court . . . ." *Metamora Water Service, Inc*, 276 Mich App at 387-388. Given that *Heard* and MCR 2.513(I) permit the trial court to allow jurors to ask questions of trial witnesses, defendant has not established plain error. *Carines*, 460 Mich at 763-764.

Defendant next argues that he was denied the effective assistance of counsel because of counsel's failure to object to Dearborn Police Officer Leah Bronson's testimony and his failure to object during the prosecution's closing arguments. We disagree.

When, as in the present case, a defendant does not move for a new trial in the trial court on the basis of ineffective assistance of counsel, appellate review is limited to mistakes apparent on the record. *People v Rodgers*, 248 Mich App 702, 713-714; 645 NW2d 294 (2001). Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). A trial court's findings of fact are reviewed for clear error, and questions of constitutional law are reviewed de novo. *Id.*

To establish ineffective assistance of counsel, a defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). A defendant is prejudiced if, but for defense counsel's errors, the result of the proceedings would have been different. *Id.* at 81. Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012). Counsel is not required to raise meritless objections. *Id.* at 329.

Defendant first contends that he was denied the effective assistance of counsel when trial counsel failed to object to Officer Bronson's testimony because, according to defendant, it amounted to an opinion of guilt. "A witness may not opine about the defendant's guilt or innocence in a criminal case." *Heft*, 299 Mich App at 81. In *Heft, id*. at 81-83, this Court determined whether counsel was ineffective for failing to object to police officers' testimony that, according to the defendant, amounted to opinions of guilt. In *Heft*, evidence indicated that the police detained the defendant because one of the officers "didn't think that [the defendant] was being truthful" when he gave an innocent explanation for his behavior. *Id*. at 82. Another officer testified that the defendant's exculpatory statement regarding his actions did not make sense. *Id*. at 81-82. This Court stated that the police officers "did not opine about [the defendant's] guilt but, instead, were explaining the steps of their investigations from their personal perceptions." *Id*. at 83, citing MRE 701. The Court further explained that any objection would have been meritless and that counsel was not ineffective for failing to raise a meritless objection. *Heft*, 299 Mich App at 83.

Officer Bronson testified:

> [*The Prosecutor*]: Okay. After your investigation is completed, what's the role of an officer in charge?
>
> [*Officer Bronson*]: Then I write a - - it's called a warrant request. It's basically an investigator's report detailing all of the probable cause for the crime and why I believe that this person is the one who committed it and that there is a crime that actually happened and not what specifically, like what the acts were. Not like the type - - what the - - what the judge had said earlier about criminal sexual conduct. I don't use those kind of words. I use like the actual acts. So I compile an investigator's report and sent that to the prosecutor's office.
>
> [*The Prosecutor*]: Now other than - - and that's what you did?
>
> [*Officer Bronson*]: Yes.

Reading the testimony in context, it is apparent that Officer Bronson was merely explaining, in general, the steps of her job and investigatory process and not answering a direct yes-or-no question about defendant's guilt. Indeed, Officer Bronson explained that, as the officer in charge, she wrote a warrant request after the completion of the investigation. She indicated that a warrant request was an "investigator's report" detailing the probable cause for a crime and that she sent this report to the prosecutor's office. This Court has stated that explanations about investigatory steps are proper, *id*., and the testimony here about Officer Bronson's job process was analogous. We find that any objection to the testimony would have been meritless. Because ineffective assistance of counsel cannot be predicated on counsel's failure to raise a meritless objection, *Eisen*, 296 Mich App at 329, counsel's failure to object to the testimony did not fall below an objective standard of reasonableness. Moreover, even if it had, we cannot find that Officer Bronson's brief reference to her warrant request affected the outcome of the proceedings, in light of the other evidence presented.

Defendant also contends he was denied the effective assistance of counsel when trial counsel failed to object to the prosecutor's comments during closing argument, which allegedly shifted the burden of proof to defendant. "A prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence . . . . Also, a prosecutor may not comment on the defendant's failure to present evidence because it is an attempt to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010) (citation omitted). "However, a prosecutor's argument that inculpatory evidence is undisputed does not constitute improper comment." *Id*. at 464. "A prosecutor may . . . argue that the evidence was uncontradicted even if the defendant is the only person who could have contradicted the evidence." *Id*.

During closing argument, the prosecutor stated:

Evidence on this case is that [the victim] was in a study in this house, and she was pushed against the wall and that at the time she's pushed against the wall, Mr. Kaplan kisses her, slips his hand under that sundress, under her shorts, and put fingers into her vagina. That's the evidence and that was the testimony of [the victim]. Where is the contradiction of that? Did you hear any evidence, was anything presented to you that contradicts that, anything?

Later, the prosecutor stated:

She told you that she was pushed down to her knees in that study and that some time during that interaction, Mr. Kaplan's penis had been exposed and that he pushes her head down by her hair, and then his penis goes into her mouth. That's the second count. Where is the evidence that that did not happen?

The prosecutor's arguments regarding contradicting evidence merely amounted to arguments that the inculpatory evidence was undisputed, which does not constitute improper comment. *Fyda*, 288 Mich App at 463-464. Accordingly, any objection would have been futile, and counsel's performance did not fall below an objective standard of reasonableness.

Even if counsel's failure to object to the closing comments fell below an objective standard of reasonableness, any prejudicial effect was cured by the trial court's instructions. The trial court instructed the jury that defendant was "presumed to be innocent," that "[t]he prosecutor must prove each element of the crime beyond a reasonable doubt," and that defendant was "not required to prove his innocence or to do anything." The trial court also instructed the jury that the parties' arguments were not evidence and that the case was to be decided on the evidence presented. Because the trial court properly instructed the jury and jurors are presumed to follow their instructions, defendant has not established that he was prejudiced. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). Defendant was not denied the effective assistance of counsel.

Affirmed.

/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder

-4-