# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEE DONALD MANSFIELD,

        Defendant-Appellant.

UNPUBLISHED
December 29, 2016

No. 329252
Van Buren Circuit Court
LC No. 15-019751-FH

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

A jury convicted defendant of one count of third-degree criminal sexual conduct (sexual intercourse with a victim at least 13 years of age and under 16 years of age), MCL 750.520d(1)(a); one count of third-degree criminal sexual conduct (cunnilingus with a victim who was at least 13 years of age and under 16 years of age), MCL 750.520d(1)(a); one count of third-degree criminal sexual conduct (fellatio with a victim who was at least 13 years of age and under 16 years of age), MCL 750.520d(1)(a); and one count of third-degree criminal sexual conduct (digital penetration of genital opening of a victim who was at least 13 years of age and under 16 years of age), MCL 750.520d(1)(a). Defendant was sentenced to 60 months to 15 years' imprisonment for each count, with the sentences to run concurrently and with credit for 27 days served. Defendant now appeals by right. We affirm.

Defendant argues that the trial court's practice of allowing jurors to submit questions for witnesses deprived him of his right to a trial by a fair and impartial trial. We disagree.

Defendant did not object to any of the juror initiated questions that the trial court ultimately asked of witnesses or to the trial court's procedure for soliciting and presenting such questions. Therefore, this issue is unpreserved. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). We review unpreserved issues for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). On plain-error review, the defendant has the burden to show (1) "error", (2) that was "plain," meaning "clear or obvious", (3) and that affected substantial rights or caused prejudice, meaning "that the error affected the outcome of the lower court proceedings." *Id*. at 763.

MCR 2.513 governs the conduct of jury trials, including jury trials in criminal cases. MCR 6.001(D). MCR 2.513(I) provides:

-1-

The court may permit the jurors to ask questions of witnesses. If the court permits jurors to ask questions, it must employ a procedure that ensures that such questions are addressed to the witnesses by the court itself, that inappropriate questions are not asked, and that the parties have an opportunity outside the hearing of the jury to object to the questions. The court shall inform the jurors of the procedures to be followed for submitting questions to witnesses.

In *People v Heard*, 388 Mich 182, 188; 200 NW2d 73 (1972), our Supreme Court held that a trial judge may permit jurors to direct questions to witnesses and that "the questioning of witnesses by jurors, and the method of submission of such questions, rests in the sound discretion of the trial court." The Court reasoned:

The practice of permitting questions to witnesses propounded by jurors should rest in the sound discretion of the trial court. It would appear that in certain circumstances, a juror might have a question which could help unravel otherwise confusing testimony. In such a situation, it would aid the fact-finding process if a juror were permitted to ask such a question. [*Id*. at 187-188.]

Defendant, in support of his argument that this practice should stop, relies on *State v Costello*, 646 NW2d 204, 214 (Minn, 2002), in which the Minnesota Supreme Court held, in the exercise of its supervisory power over Minnesota courts, that jurors were not permitted to pose questions to witnesses in a criminal trial. But the decisions of the courts of other states are not binding on this Court. *People v Jackson*, 292 Mich App 583, 595 n 3; 808 NW2d 541 (2011). Rather, this Court is bound to follow decisions of the Michigan Supreme Court "except where those decisions have *clearly* been overruled or superseded." *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191; 880 NW2d 765 (2016).

It is settled in Michigan that a trial court may permit members of the jury to pose questions for witnesses in a criminal trial, *Heard*, 388 Mich at 188, and the trial court in the instant case properly complied with the procedure to be followed in the case of juror questions stated in MCR 2.513(I). Therefore, defendant has failed to demonstrate that the trial court committed plain error. See *Carines*, 460 Mich at 763.

Next, defendant argues that the prosecutor improperly asked defendant to comment on the credibility of prosecution witnesses and committed further misconduct by again raising the matter during closing argument. We disagree.

Defendant failed to preserve this issue for appeal because he did not object to either the prosecutor's questions or comments during closing argument that defendant now challenges. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Consequently, our review is for plain error that affected defendant's substantial rights. *Id*. Alleged prosecutorial misconduct will not warrant reversal "where a curative instruction could have alleviated any prejudicial effect." *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003).

A prosecutor has a responsibility "to seek justice and not merely convict." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *Id*. "A defendant's right to a fair

trial may be violated when the prosecutor interjects issues broader than the guilt or innocence of the accused." *People v Rice (On Remand)*, 235 Mich App 429, 438; 597 NW2d 843 (1999). Prosecutorial misconduct issues "are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *Bennett*, 290 Mich App at 475. Prosecutors have great latitude regarding their arguments and conduct at trial; they may argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case. *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). "A prosecutor may argue from the facts that a witness is credible or that a witness is not worthy of belief." *Id*. at 240. But a prosecutor may not vouch for the credibility of a witness by suggesting that he has some special knowledge regarding the truthfulness of the witness. *Bennett*, 290 Mich App at 476.

It is also "improper for the prosecutor to ask defendant to comment on the credibility of prosecution witnesses." *People v Buckey*, 424 Mich 1, 17; 378 NW2d 432 (1985). In *Buckey*, portions of the defendant's testimony conflicted with the testimony of the complainant, eye-witnesses, and a police detective. *Id*. at 5-6, 7 n 3. The prosecutor asked the defendant during cross-examination whether the defendant thought the prosecution's witnesses "were lying." *Id*. at 7 n 3, 16-17. The *Buckey* Court noted that the prosecutor's strategy was to invite the defendant to label the prosecution's witnesses as liars and thereby discredit the defendant. *Id*. at 17. The Court found this conduct was improper because the defendant's opinion of witnesses' credibility "is not probative of the matter." *Id*. The Court, however, held that the error did not result in unfair prejudice to defendant and was harmless. *Id*. The Court reasoned the "defendant dealt rather well with the questions," that defense counsel did not object to the questions, and that any prejudice could have been cured by a timely objection resulting in a prohibition on further questions of the type at issue or an appropriate cautionary instruction. *Id*. at 17-18.

In contrast, "[i]t is not improper for the prosecutor to attempt to ascertain which facts are in dispute." *Ackerman*, 257 Mich App at 449. In *Ackerman*, the defendant argued on appeal "that the prosecutor engaged in misconduct by asking defendant whether he disputed specific points of other witnesses' testimony," although defense counsel had not objected to the questioning during trial. *Id*. The *Ackerman* Court rejected the defendant's claim, reasoning that the prosecutor did not ask the defendant to comment on the credibility of other witnesses, but "only asked whether the defendant had a different version of the facts." *Id*. In addition, the Court noted that even if the questioning was improper to some extent, any possible prejudice could have been alleviated by a curative instruction and reversal was not required. *Id*.

Here, Trooper Kyle Gorham testified that he interviewed defendant, and defendant indicated that he went to Oasis Hot Tubs with the victim, rented a hot tub for an hour, and was there with the victim for approximately 20 minutes. According to Trooper Gorham, defendant stated that the victim wore a bikini bathing suit with black bottoms and a black and green top and that he wore blue Hawaiian shorts with flowers on them. Officer Tom McClung testified that he heard the entire interview and that defendant told Trooper Gorham that he and the victim were wearing bathing suits and were in the hot tub together. Defendant testified that he only told Trooper Gorham that he went into the building of the Oasis Hot Tubs, not that he actually went into the hot tub with the victim. According to defendant, he told Trooper Gorham about his own bathing suit and the victim's bathing suit, and his description of the victim's bathing suit was based on his discussion with the victim during their drive to the hot tubs and the fact that the victim had shown him her bathing suit during that drive. Defendant testified that he did not tell

-3-

Trooper Gorham that he and the victim changed into their bathing suits. The prosecutor asked defendant during cross-examination, "Do you have any idea how Trooper Gorham could have been so mistaken about that key, crucial fact of you being in the hot tub with [the victim] in your bathing suits?" Defendant responded, "He might have just misunderstood what I was saying."

The instant case is distinguishable from *Buckey*. Here, the prosecutor merely asked defendant to explain the apparent contradiction between defendant's version of the hot tub incident and that of Trooper Gorham and Officer McClung. Unlike the prosecutor in *Buckey*, the prosecutor in the instant case did not ask defendant whether Trooper Gorham and Officer McClung were "lying" and thus did not force defendant to explain the discrepancy solely in terms of the officers' honesty. Simply put, the prosecutor in the instant case did not ask defendant to comment on the *credibility* of any prosecution witnesses, but merely inquired about defendant's explanation for the inconsistency. Once defendant gave his explanation, that the discrepancy was based on a misunderstanding, the prosecutor moved on and left it for the jury to determine the credibility of the various witnesses. Thus, the prosecutor's strategy was not to invite defendant to label the prosecution witnesses as "liars." Rather, the prosecutor "only asked whether the defendant had a different version of the facts," *Ackerman*, 257 Mich App at 449, and gave defendant a chance to offer an explanation. Evaluating the prosecutor's conduct in context, *Bennett*, 290 Mich App at 475, it is clear that the prosecutor did not ask defendant to comment on the credibility of other witnesses, and so, the prosecutor's questioning was not improper. See *Buckey*, 424 Mich at 17; *Ackerman*, 257 Mich App at 449.

Moreover, the prosecutor's comments during closing argument were also not improper. The prosecutor's argument merely highlighted the improbability of defendant's story in light of all of the evidence. The prosecutor was permitted to argue the reasonable inferences from the evidence in the case, including that defendant was not a credible witness. *Unger*, 278 Mich App at 236. The prosecutor did not imply that he had special knowledge of the truthfulness of the prosecution witnesses and thus did not improperly vouch for their credibility. *Bennett*, 290 Mich App at 476. The prosecutor's closing argument was well within the latitude afforded to prosecutors in making their arguments at trial. *Unger*, 278 Mich App at 236. Therefore, defendant has failed to demonstrate plain error regarding prosecutorial misconduct. *Id*. at 235.

Finally, defendant also argues that defense counsel was ineffective because he did not object to the alleged instances of prosecutorial misconduct. We disagree.

Because defendant did not move the trial court for a new trial or an evidentiary hearing, he failed to preserve his ineffective assistance of counsel claim. *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "Unpreserved issues concerning ineffective assistance of counsel are reviewed for errors apparent on the record." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). "A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *Unger*, 278 Mich App at 242. Factual findings are reviewed for clear error, and the constitutional issue is reviewed de novo. *Id*.

To establish a claim of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Lockett*, 295 Mich App at 187. As

discussed above, the prosecutor did not improperly ask defendant to comment on the credibility of prosecution witnesses and did not improperly vouch for the credibility of prosecution witnesses during closing argument. Thus, any objection would have been without merit. Trial counsel is not ineffective if he or she fails to voice a futile objection. *Unger*, 278 Mich App at 256. Furthermore, defendant does not explain how the outcome of the trial would have been different but for the fact that defense counsel did not object to the prosecutor's alleged improper conduct. Defendant simply asserts that defendant's answer to the prosecutor's question "invited the jury to ridicule" defendant. But as previously discussed, based on the evidence, defendant's testimony was fairly subject to comment. The prosecutor merely gave defendant an opportunity to explain conflicting testimony; in response, defendant attributed the conflict to a misunderstanding. The prosecutor then left it up to the jury to assess the credibility of defendant and the other witnesses.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v Washington*, 466 US 668, 700; 104 S Ct 2052; 80 L Ed 2d 674 (1984). On this record, defendant has not demonstrated either that his counsel performed deficiently based on counsel's not objecting to the alleged instances of prosecutorial misconduct or that he suffered any prejudice. *Id*.

We affirm.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey

-5-